UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| MICHAEL CUTHBERTSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO.:_____ |
| WAL-MART STORES, INC. | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Michael Cuthbertson, Plaintiff, and through his attorney, files this Complaint as follows:

## JURISDICTION

**1.**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that a federal question is involved concerning 42 U.S.C. § 1981 e, et seq. The Court has supplemental jurisdiction of Georgia law claims under 28 U.S.C. § 1367.

## VENUE

**2.**

Venue is properly laid in this Court in that the incidents complained of occurred in this judicial district and division and the Defendant conducts business in this judicial district and division.

1

## PARTIES

**3.**

Plaintiff, Michael Cuthbertson, is a citizen of the United States and a resident of Camden County, Georgia

**4.**

Defendant, Wal-Mart Stores, Inc., is a Delaware corporation. It is doing business in Glynn County, Georgia, and is subject to the jurisdiction of this Court and may be served through its registered agent for service of process, CSC of Gwinnett County, Inc. 40 Technology Pkwy South, #300, Norcross, GA 30092

**5.**

At all relevant times David Hanninia was the district manager for the Brunswick Wal-Mart Store

**6.**

Plaintiff is an African-American male and is thereby a member of a class protected by 42 U.S.C.A. § 1981.

## CAUSE OF ACTION

**7.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343 in that this is an action to recover damages for violation of an act of Congress providing for equal rights of citizens.

8.

Wal-Mart Stores, Inc. employs fifteen (15) or more employees and is an employer within the meaning of § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

9.

This is an action for racial discrimination pursuant to § 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S C. §§ 2000e, et seq

10.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days of the occurrence of the acts of which he complains.

11.

On or after September 17, 2003, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission. (See Notice of Right to Sue, attached hereto as Exhibit "A".) This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said notice.

12.

All pre-conditions necessary for filing this action have been met.

## COUNT ONE

## RACIAL DISCRIMINATION

**13.**

On September 22, 2001, Plaintiff began working as an assistant store manager for Defendant in the store located at 150 Altama Connector, Brunswick, Glynn County, Georgia.

**14.**

Plaintiff's job duties were changed to overnight manager. Plaintiff was in the management training program, and expected to move up.

**15.**

Plaintiff continued in his employment with Wal-Mart for approximately one year. During this year he received no criticisms of his job performance, with the exception of all assistant managers being written up with regard to the "pick-list".

**16.**

The district manager, who was also Plaintiff's supervisor, David Hanninia, was very critical of the black assistant managers, and unfairly criticized them Similarly situated white assistant managers were not criticized or fired for similar conduct.

**17.**

In the summer of 2002, several employees who Plaintiff supervised spread rumors about him. They alleged that Plaintiff was carrying on an extramarital affair. There was no truth whatsoever to these rumors. This was vicious gossip that was very upsetting to Plaintiff and to his wife.

**18.**

On at least two occasions when Mrs. Cuthbertson came into the store, these employees approached her to tell her about the rumors. This was extremely upsetting to Mrs. Cuthbertson.

**19.**

On at least three occasions, Plaintiff reported the rumor problem to his supervisor and identified the employees who where the source of the gossip. Plaintiff's supervisor told him the problem would be taken care of. The rumors continued, however, and caused problems in the Plaintiff's marriage.

**20.**

Because the vicious gossip continued and continued to harm Plaintiff's marital relationship, Plaintiff brought up the subject at a nightly meeting at Wal-Mart He stated that as to whoever was spreading the rumors, he was going to "get them back". There was no physical threat. He only meant that he would stop them from gossiping.

**21.**

As a result of this remark, Plaintiff was summarily terminated. The reason given for the termination was that Plaintiff had created a hostile work environment. Plaintiff was never given an opportunity to explain his side of what happened before he was discharged. The white employees who started the gossip and the resulting problem were never disciplined.

**22.**

The reason given for Plaintiff's termination was pre-textual   Plaintiff was unfairly treated and unfairly discharged because of his race.

## COUNT TWO

## INTENTIONAL INFLICTION OF EMOTIONAL HARM

**23.**

Plaintiff  realleges the foregoing paragraphs and incorporates them as if stated herein.

**24.**

Defendants' violation of Plaintiff's rights were intentional and/or reckless.

**25.**

Defendants' actions caused the Plaintiff to suffer past, present, and future severe mental pain, suffering, and emotional distress as the natural result thereof.

**26.**

Plaintiff is entitled to recover general damages from Defendants for their acts of intentional infliction of emotional distress.

## COUNT THREE

## PUNITIVE DAMAGES

**27.**

Plaintiff  realleges the foregoing paragraphs and incorporates them as if stated herein

**28.**

Defendants engaged in the discriminatory practices set forth above with malice or with reckless indifference to the federally protected rights of Plaintiff.

**29.**

Accordingly, Plaintiff is entitled to recover punitive damages.

## COUNT FOUR

## EQUITABLE RELIEF

**30.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if stated herein.

**31.**

Unless equity intervenes to restrain and enjoin Defendant from interfering with Plaintiff's rights and employment and from discriminating against him and to require Defendant to cause Plaintiff to be restored to his rightful position, Plaintiff will suffer irreparable harm, having no adequate remedy at law.

WHEREFORE, Plaintiff prays:

1. That the Court empanel a jury to hear his cause;
2. That the Court find and declare that the Plaintiff has suffered from acts of racial discrimination at the hands of Defendant, or their agents, servants, and employees;
3. That Plaintiff be awarded the back pay he would have earned,

together with all related monetary benefits Plaintiff would have received had he not been terminated in September, 2003;

4. That the Court order such further equitable and injunctive relief as it deems appropriate and necessary to correct the conditions of discrimination complained of herein, and,

5. That Defendant pay Plaintiff's costs of this suit, together with a reasonable attorney's fees and litigation costs;

6. That punitive damages and exemplary damages in such same sum as the jury deems proper;

7. That Plaintiff be awarded damages against Defendant for emotional, mental, physical, psychological and financial damage as allowed by law to be shown at trial;

8. That Plaintiff be awarded damages for intentional infliction of emotional distress as allowed by law to be shown at trial.

RITA C. SPALDING
Attorney for Plaintiff
State Bar No. 108640

1522 Richmond Street
Brunswick, GA 31520
912-261-8686
Fax 912-261-8689

8

STATE OF GEORGIA
COUNTY OF GLYNN

### VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, MICHAEL DEON CUTHBERTSON duly sworn deposes and states on oath that the facts, contained in the foregoing COMPLAINT are true and correct to the best of his knowledge, information and belief.

Sworn to and subscribed before me,
this the 10th day of December, 2003.

_____
Notary Public
My Commission Expires: 1/30/05

_____
MICHAEL DEON CUTHBERTSON
Plaintiff

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| To: | Michael D. Cuthbertson<br>301 Wild Grape Drive<br>Saint Marys, GA 31558 | From: | Savannah Local Office<br>410 Mall Blvd<br>Suite G<br>Savannah, GA 31406 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| 115-2003-00073 | **Janice Smith,** Investigator | **(912) 652-4238** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes

☐ Your charge was not timely filed with EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge

☐ While reasonable efforts were made to locate you, we were not able to do so

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes This does not certify that the respondent is in compliance with the statutes No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      9-17-03
Elisa R. Rudolph,      (Date Mailed)
**Acting Director**

Enclosure(s)

cc: Ri
Richard L. Ruth, Esquire
Ford and Harrison
P. O. Box 41566
Jacksonville, FL 32203

*Exhibit "A"*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the Defendant, Wal-Mart Stores, Inc., with the above and foregoing *Complaint* via first class mail with proper postage affixed thereto and properly addressed to the registered agent for service of process

        CSC of Gwinnett County, Inc.
        40 Technology Pkwy South #300
        Norcross, GA 30092

So certified, this the 11th day of December, 2002.

        RITA C. SPALDING
        Attorney for Plaintiff
        State Bar No. 108640

        1522 Richmond Street
        Brunswick, GA 31520
        912-261-8686
        Fax 912-261-8689